# In the United States Court of Federal Claims

No. 18-1520C
(Filed: November 30, 2018)

| | |
|---|---|
| ROJAS-VEGA,<br><br>      *Pro Se* Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | *Pro Se* Plaintiff; 28 U.S.C. §1500;<br>Lack of Subject-Matter Jurisdiction. |

## ORDER OF DISMISSAL

On September 17, 2018, the plaintiff, Danny Rojas-Vega, ("plaintiff" or "Mr. Rojas-Vega") filed a complaint in this court alleging that the Immigration and Naturalization Service ("INS"), the precursor of Immigration and Custom Enforcement ("ICE"), improperly initiated deportation proceedings against him on August 30, 2001 in violation of a 1995 plea agreement he entered into in the San Diego California Municipal Court. Plaintiff claims that the initiation of deportation proceedings violated the terms of his 1995 plea agreement as well as his right to due process under the Fourteenth Amendment of the United States Constitution. He also claims that INS' actions violated the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b). In this complaint, the plaintiff is seeking $10,000.00 in damages.

7017 1450 0000 1346 1291

The United States, ("the government") has filed a motion to dismiss Mr. Rojas–Vega's due process and FTCA claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. The court agrees that this court does not have jurisdiction over those claims for the reasons stated by the government in its motion.[1] The government also seeks to dismiss Mr. Rojas-Vega's breach of the plea agreement claim for failure to state a claim under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims. As set forth below, the court finds that regardless of whether Mr. Rojas-Vega has stated a breach of contract claim based on the terms of his 1995 plea agreement, the breach claim must be dismissed for lack of jurisdiction under 28 U.S.C. § 1500. Specifically, in reviewing Mr. Rojas-Vega's court filings the court has learned that Mr. Rojas-Vega filed a virtually identical complaint to the one he filed in this court in United States District Court for the Southern District of California on September 11, 2018 several days before his case was filed in this court. *Rojas-Vegas v. United States*, No. 18cv2114-LAB (S.D. Cal.). The district court dismissed Mr. Rojas-

---

[1] With regards to this court's ability to entertain constitutional claims, this court may only entertain constitutional claims when the constitutional provisions at issue "mandate[s] payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Federal Circuit has found that the Fourteenth Amendment is not money-mandating. *Id.*; *Taylor v. United States*, 114 Fed. Cl. 185, 195, *aff'd*, 590 F. App'x 983 (Fed Cir. 2014). Thus, this court does not have jurisdiction over Mr. Rojas-Vega's Fourteenth Amendment claim.

With regards to this court's ability to hear his tort claims, "[t]he Tucker Act explicitly excludes tort claims against the United States from this Court's jurisdiction." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017). The "United States district courts have exclusive jurisdiction to hear tort claims against the United States, including all claims under the FTCA." *Id.* (citing 28 U.S.C. § 1346(b)(1)). Thus, this court does not have jurisdiction over Mr. Rojas-Vega's FTCA claims.

Vega's claim for lack of jurisdiction on November 1, 2018, and Mr. Rojas-Vegas appealed the dismissal on November 6, 2018, which is still pending. *See Rojas-Vegas v. United States,* No. 18cv2114_LAB, 2018 WL 5761513 (S.D.Cal. Nov. 1, 2018). Because Mr. Roja-Vega has a claim based on the same facts pending before the Ninth Circuit, his case before this court must be dismissed under 28 U.S.C. § 1500.

28 U.S.C. § 1500 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was in respect thereto, action or professing to act, directly or indirectly under the authority of the United States.

According to the Supreme Court, "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in [this court], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011). A claim is "pending" in another court from the time that it is filed until a final judgment is entered and remains pending while any appeal is pending. *Brandt v. United States*, 710 F.3d 1369, 1379-80 (Fed Cir. 2013).

Here, a review of the complaint in Mr. Rojas-Vega's earlier filed suit in the California district court and the one filed in this court demonstrates that both are based on the same operative facts. *Compare* Complaint, *Rojas-Vegas v. United States*, No. 18cv2114-LAB (S.D.C.) with Complaint (Docket No. 1.). In both complaints Mr. Rojas-Vega maintains he entered into a plea agreement in 1995 with the understanding that INS would not seek his deportation based on his conviction and that INS violated that plea

3

agreement in 2001 when it initiated deportation proceedings based on the 1995 conviction. Because both actions are based on the same operative facts and his earlier filed case is still pending before the Ninth Circuit, this court must dismiss Mr. Rojas-Vega's breach of contract claim for lack of subject-matter jurisdiction under 28 U.S.C. § 1500.

## CONCLUSION

For the reasons set forth above, all of plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's motion for leave to proceed *in forma pauperis*, (Docket No. 2) is hereby **GRANTED** for the sole purpose of this ruling.[2] The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge

---

[2] Plaintiff's motion to supplement his motion for leave to proceed *in forma pauperis*, (Docket No. 5) and motion to amend his complaint, (Docket No. 10) are **DENIED** as **MOOT**.